IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL E. JANSEN,

    Plaintiff,                             No. 2:13-cv-0500 EFB P

    vs.

WARDEN GOWER,                        ORDER DISMISSING ACTION
                                                    WITHOUT LEAVE TO AMEND

    Defendant.

_____/

    Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In dismissing the original complaint with leave to amend, the court informed plaintiff of the following:

> In order to bring a civil rights claim alleging an unconstitutional conviction or sentence, a plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 486-87 (1994). And where a judgment in the prisoner's favor in his § 1983 action would necessarily imply the invalidity of a deprivation of good-time credits, the plaintiff must first demonstrate that the credits

deprivation has been invalidated. *Edwards v. Balisok*, 520 U.S. 641, 644 (1997); *Heck*, 512 U.S. at 483, 486-87 (setting forth this "favorable termination" rule). The Ninth Circuit Court of Appeals has clarified that application of *Heck*'s favorable termination rule "turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). The *Heck* bar exists to preserve the rule that challenges which, if successful, would necessarily imply the invalidity of incarceration or its duration, be brought via petition for writ of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 751-52 & n.1 (2004). Thus, if the alleged loss of credits or finding of guilt will have an impact on the length of plaintiff's confinement, this action may be barred by the favorable termination rule of *Heck* and *Edwards*.

Dckt. No. 7. In the amended complaint, plaintiff purports to bring a habeas action "under . . . 42 U.S.C. § 1983." Dckt. No. 11 at 3. He claims he was denied due process in a disciplinary hearing that resulted in a finding of guilt, and a loss of 120 days of credit that "added two months to his release date." *Id.* Plaintiff does not allege that the deprivation of credits has been restored or otherwise invalidated.

While civil rights actions filed pursuant to section 1983 are appropriate for challenges to the *conditions* of confinement, challenges in federal court to the *fact or the length of* confinement generally must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Here, plaintiff's action sounds in habeas and is *Heck*-barred, because his challenge, if successful, would necessarily imply the invalidity of the duration of his incarceration.

Accordingly, the complaint must be dismissed without leave to amend. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

////

Accordingly, IT IS HEREBY ORDERED that the complaint is dismissed without leave to amend and the Clerk of the Court shall close this case.

Dated: July 1, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4